*IT IS SO ORDERED*
*James Ware*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JUNIPER DERIVATIVE ACTIONS | ) No. 5:06-cv-03396-JW <br> ) <br> ) [PROPOSED] ORDER AND FINAL <br> ) JUDGMENT <br> ) <br> ) DATE:     November 10, 2008 <br> ) TIME:     9:00 a.m. <br> ) COURTROOM:  The Honorable James Ware |
| This Document Relates To: | |
| ALL ACTIONS. | |

1    This matter came before the Court for hearing pursuant to the Order of this Court, dated
2 September 8, 2008 ("Order"), on the application of the parties for approval of the proposed
3 settlement ("Settlement") set forth in the Stipulation of Settlement dated August 11, 2008, and the
4 Exhibits thereto (the "Stipulation");
5    The Court has reviewed and considered all documents, evidence, objections (if any) and
6 arguments presented in support of or against the Settlement; the Court being fully advised of the
7 premises and good cause appearing therefore, the Court enters this Order and Final Judgment.
8    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
9    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all
10 capitalized terms used herein shall have the same meanings as set forth in the Stipulation.
11   2.    This Court has jurisdiction over the subject matter of the Federal Derivative Action,
12 including all matters necessary to effectuate the Settlement, and over all Settling Parties.
13   3.    The Court finds that the Notice provided to Juniper stockholders constituted the best
14 notice practicable under the circumstances. The Notice fully satisfied the requirements of Federal
15 Rule of Civil Procedure 23.1 and the requirements of due process.
16   4.    The Court finds that Juniper's Special Litigation Committee, its counsel, and the
17 forensic accounting consultants retained by its counsel, are disinterested and independent under
18 Delaware and California law.
19   5.    The Court finds that, during the course of the litigation of the Actions, the Settling
20 Parties and their respective counsel at all times complied with the requirements of Federal Rule of
21 Civil Procedure 11 and all other similar laws, including California Code of Civil Procedure §128.7.
22   6.    The Court finds that the terms of the Stipulation and Settlement are fair, reasonable
23 and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and
24 Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the
25 Settling Parties have not already done so.
26   7.    Consistent with the Settlement, all claims asserted by Plaintiffs in the operative
27 complaint herein are hereby irrevocably assigned to Juniper, which is substituted as the plaintiff
28 herein *nunc pro tunc*. No shareholder of Juniper may bring an action derivatively on behalf of

Juniper against any of the individual defendants dismissed in this action asserting any claim that was or could have been asserted in this action.

8. The Federal Derivative Action and all claims contained therein against defendants Stratton D. Sclavos, William R. Stensrud, Robert M. Calderoni, Kenneth A. Goldman, William R. Hearst, III, Kenneth Levy, Frank J. Marshall, Vinod Khosla, Pradeep Sindhu, Robert R.B. Dykes, Ashok Krishnamurthi, Lloyd Carney, Peter L. Wexler, and nominal defendant Juniper, as well as all of the Released Claims against each of the above-named defendants and their Related Persons, are hereby dismissed with prejudice. As among Plaintiffs and the above-listed Released Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. All claims in the Federal Derivative Action against the Non-Released Defendants are hereby dismissed without prejudice. In particular, nothing herein shall operate to discharge or release or affect in any way any claims that Juniper has or had, or that may be asserted by Juniper, arising out of or relating to the events alleged in the operative complaint in this case, against the Non-Released Defendants, including but not limited to claims currently alleged in the pending State Derivative Action or claims that may be alleged in the future in that action or in a new complaint by Juniper. As among Plaintiffs and the Non-Released Defendants, the parties are to bear their own costs.

10. Nothing herein shall operate to discharge any claim that Juniper had, has, or may have, against Lisa Berry, who is not a defendant in this action but is a defendant in the State Derivative Action, or against the Non-Released Defendants.

11. Upon the Effective Date, as defined in the Stipulation, Juniper, Plaintiffs (acting derivatively on behalf of Juniper), and each of Juniper's stockholders (solely in their capacity as Juniper stockholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms

of the Stipulation or the rights of Juniper to pursue any claims against Lisa Berry or the Non-Released Defendants.

12. Upon the Effective Date, as defined in the Stipulation, Juniper, Plaintiffs (acting derivatively on behalf of Juniper), and each of Juniper's stockholders (solely in their capacity as Juniper stockholders) will be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims or any action or other proceeding against any of the Released Persons based on, arising out of, related to, or in connection with, the Released Claims or the Settlement or resolution of the Actions. Claims to enforce the terms of the Stipulation are not released. Juniper's claims against Lisa Berry and the Non-Released Defendants also are not released.

13. Upon the Effective Date, as defined in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, Juniper, and all of the Juniper stockholders (solely in their capacity as Juniper stockholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

14. Upon the Effective Date, as defined in the Stipulation, each of the Released Persons will be forever barred and enjoined from commencing, instituting or prosecuting any or all claims (including Unknown Claims) against each and all of the Plaintiffs, Plaintiffs' Counsel, Juniper, and all of the Juniper stockholders (solely in their capacity as Juniper stockholders) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims. Notwithstanding the definition of Released Claims, the Settling Defendants and Juniper reserve their indemnification and advancement rights and defenses under Juniper's by-laws, Juniper's articles of incorporation, their agreements, Delaware law, and any other applicable authority. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

1     15.    The Court hereby approves the Fee and Expense Award in accordance with the
2 Stipulation and finds that such fee is fair and reasonable.

3     16.    Neither the Stipulation nor the Settlement, nor any act performed or document
4 executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed
5 to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any
6 other Person as a presumption, a concession or an admission of, or evidence of, any fault,
7 wrongdoing or liability of the Settling Parties; or of the validity of any Released Claims; or (b) is
8 intended by the Settling Parties to be offered or received as evidence or used by any other person in
9 any other actions or proceedings, whether civil, criminal or administrative.  The Released Persons
10 and the Non-Released persons may file the Stipulation and/or the Judgment in any action that may
11 be brought against them in order to support a defense or counterclaim based on principles of *res*
12 *judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment
13 bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or
14 counterclaim, except that the Non-Released persons shall not file or assert the Stipulation and/or the
15 Judgment to support a defense or counterclaim in an action brought by the Company or the Special
16 Litigation Committee; and any of the Settling Parties may file the Stipulation and documents
17 executed pursuant and in furtherance thereto in any action to enforce the Settlement.

18     17.    Without affecting the finality of this Judgment in any way, this Court hereby retains
19 continuing jurisdiction with respect to implementation and enforcement of the terms of the
20 Stipulation.

21     18.    In the event that the Settlement does not become effective in accordance with the
22 terms of the Stipulation, this Order and Final Judgment shall be vacated, and all Orders entered and
23 releases delivered in connection with the Stipulation and this Order and Final Judgment shall be null
24 and void, except as otherwise provided for in the Stipulation.

19.  This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

The Clerk shall close this file and all other member cases.

Dated: November 13, 2008

_____
JAMES WARE
United States District Judge